**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **JOSHUA DUCKWORTH,** ) <br> ) <br> **Plaintiff,** ) <br> ) <br> **v.** ) <br> ) <br> **UNITED STATES OF AMERICA and** ) <br> **MARK WISNER,** ) <br> ) <br> **Defendants.** ) <br> ) | **Case No. 18-2065-CM-TJJ** |

## MEMORANDUM AND ORDER

Plaintiff Joshua Duckworth brings this case against defendants United States of America and Mark Wisner, pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671 and 38 U.S.C. § 7316(a), (f), alleging that Wisner conducted improper and/or unnecessary physical examinations of plaintiff, made inappropriate sexual comments to plaintiff, improperly prescribed medications, and failed to keep adequate records. Plaintiff also alleges a state law claim. This matter is before the court on defendant United States of America's Motion to Dismiss (Doc. 9). Defendant argues that plaintiff's complaint should be dismissed for lack of subject matter jurisdiction and because it fails to state a claim under Federal Rules of Civil Procedure 12(b)(1) and (6). For the reasons set forth below, the court grants defendant's motion in part and denies it in part.

Plaintiff is a veteran who sought treatment at the Dwight D. Eisenhower VA Medical Center ("VA") located in Leavenworth, Kansas. Wisner treated and provided medical care for plaintiff. Wisner was a physician's assistant for the VA, and is a defendant in more than ninety pending civil suits before this court.

-1-

The claims in this case are similar to claims in a number of other cases this court has considered. *See, e.g.*, *Anasazi v. United States*, No. 16-2227, 2017 WL 2264441, at *1–*2 (D. Kan. May 23, 2017); *Doe D. E. v. United States*, No. 16-2162, 2017 WL 1908591, at *1–*2 (D. Kan. May 10, 2017). The court will not repeat the details of them here. Highly summarized, they are: (1) negligence/vicarious liability; (2) negligent supervision, retention, and hiring; and (3) negligent infliction of emotional distress.

Likewise, the court has set forth the governing legal standards in a number of other cases involving the same parties and similar claims. The court does not repeat them here, but applies them as it has in the past. *See, e.g.*, *Anasazi*, 2017 WL 2264441, at *2; *Doe D. E.*, 2017 WL 1908591, at *2.

## **Scope of Employment**

Under the FTCA, the United States has waived its sovereign immunity for injuries caused by the "negligent or wrongful act or omission" of a federal government employee while that employee is "acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b).

This court has repeatedly held that plaintiffs with similar allegations to those here have sufficiently alleged that Wisner's conduct was within the scope of his employment. *See, e.g.*, *Doe BF v. United States*, No. 17-2088, 2017 WL 4355577, at *4–*5 (D. Kan. Oct. 2, 2017); *Almquist v. United States*, No. 17-2108, 2017 WL 4269902, at *4–*5 (D. Kan. Sept. 25, 2017); *Anasazi*, 2017 WL 2264441, at *4; *Doe D. E.*, 2017 WL 1908591, at *4. The court also has held that plaintiffs with similar allegations have presented plausible claims that the VA Immunity Statute applies, allowing them to pursue remedies under the FTCA for claims arising out of a battery. *See, e.g.*, *Doe BF*, 2017 WL 4355577, at *5; *Almquist*, 2017 WL 4269902, at *5; *Anasazi*, 2017 WL 2264441, at *5; *Doe D. E.*,

2017 WL 1908591, at *4. Defendant acknowledges these rulings, but wishes to preserve its arguments. As in other cases, the court allows plaintiff to proceed in this case.

### **Statute of Repose**

Defendant claims that at least some of plaintiff's claims are barred by Kansas's four-year statute of repose. *See* Kan. Stat. Ann. § 60-513(c) (stating that, with respect to a "cause of action arising out of the rendering of or the failure to render professional services by a health care provider," "in no event shall such an action be commenced more than four years beyond the time of the act giving rise to the cause of action"). Plaintiff responds with arguments relating to the statute of limitations instead of the statute of repose. Specifically, plaintiff argues that he was (and is) an "incapacitated person" under the provisions of Kan. Stat. Ann. § 60-515, thereby tolling the statute of limitations.

This court has previously held that the court does not consider state law in determining the applicable statute of limitations in an FTCA case. *See Mathis v. United States, et al.*, No. 16-2322-CM-TJJ, 2017 WL 430074, at *8 (D. Kan. Jan. 31, 2017). As in *Mathis*, plaintiff's arguments for tolling under § 60-515 are not persuasive, and the court turns to the impact of the statute of repose on plaintiff's claims.

Some of plaintiff's claims may be barred by the statute of repose. In his complaint, plaintiff alleges that he saw Wisner "from 2012 to 2014." Taking these allegations as true, some of plaintiff's claims likely happened before July 11, 2013, which was four years before plaintiff filed an administrative claim. Any such claims are therefore barred by the statute of repose.

### **Negligent Supervision, Hiring, and Retention**

The court has previously dismissed other plaintiffs' claims for negligent hiring and retention based on the discretionary function exception to the FTCA. *See, e.g.*, *Anasazi*, 2017 WL 2264441, at

-3-

*8–*9; *Doe D. E.*, 2017 WL 1908591, at *8. Plaintiff acknowledges the court's prior rulings and abandons his claims for negligent hiring and retention.

As for the negligent supervision claim, the court has allowed this claim to proceed in the past. *See, e.g.*, *Doe BF*, 2017 WL 4355577, at *6; *Almquist*, 2017 WL 4269902, at *6; *Anasazi*, 2017 WL 2264441, at *7; *Doe D. E.*, 2017 WL 1908591, at *6. For the reasons the court has set forth in other related opinions, defendant's motion is denied with respect to plaintiff's claim for negligent supervision.

### **Negligent Infliction of Emotional Distress**

As this court has previously held, a claim for negligent infliction of emotional distress must include a qualifying physical injury. *Majors v. Hillebrand*, 349 P.3d 1283, 1285 (Kan. Ct. App. 2015). This rule does not apply, however, when the conduct is willful or wanton. *Id.* (citing *Hoard v. Shawnee Mission Med. Ctr.*, 662 P.2d 1214, 1219–20 (Kan. 1983)). Plaintiff accepts that this court has dismissed claims for negligent infliction of emotional distress in other cases. *See, e.g.*, *Anasazi*, 2017 WL 2264441, at *9. But plaintiff asks the court to construe the claim as one for outrage, and allow the claim to proceed.

It is not proper to ask to amend a complaint through a response to a motion to dismiss. For this reason, the court denies plaintiff's request for the court to construe his claim as one for outrage.

**IT IS THEREFORE ORDERED** that defendant's motion to dismiss (Doc. 9) is granted in part and denied in part. The motion is granted as to plaintiff's claims for negligent hiring, negligent retention, and negligent infliction of emotional distress. Additionally, some of plaintiff's claims may be time-barred.

Dated this 19th day of November, 2018, at Kansas City, Kansas.

<pre>
                                        s/ Carlos Murguia              
                                        CARLOS MURGUIA
                                        United States District Judge
</pre>